## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:19-cr-158(001) |
| v. | : | JUDGE MICHAEL H. WATSON |
| CHRIS A. KING, | : | |
| Defendant. | : | |

---

### DEFENDANT CHRIS A. KING'S MOTION TO JOIN DEFENDANT JUSTICE STRINGER'S MOTION TO SEVER AND RESPONSE IN SUPPORT

---

Now comes Defendant, Chris A. King ("King"), through counsel, and hereby files this Motion to Join Defendant Justice Stringer's ("Stringer") Motion to Sever (ECF No. 193) and King's Response in Support. In Stringer's Motion to Sever, he moves this Court to sever his case from King's, which is currently set for a joint trial on April 3, 2023. Pursuant to Fed. R. Crim. P. 14, Stringer's Motion should be granted. A joint trial would unfairly prejudice the constitutional rights of King. The reasons in support of this Response are more fully stated below.

**I.      BACKGROUND**

On July 18, 2019, the federal grand jury returned an indictment charging King and four others with felony counts which potentially carry the death penalty. (ECF No. 21.) On the same day, the grand jury also returned a "Notice of Special Findings" against King making his case a potential capital case, if the Department of Justice ("DOJ") were to

1

authorize the prosecution to proceed with the penalty of death. (*Id*.) King was arrested and appeared for his initial appearance on September 18, 2019. (ECF No. 56.)

On October 29, 2021, the United States notified this Court, King, and defense counsel, that the Government will not seek a sentence of death against him for the charges contained in the Indictment. (ECF No. 177.) With this notification, this case now moves forward as a non-death penalty case, but still one where King faces terms of life imprisonment.

Since the filing of the Indictment, three out of four co-defendants have resolved their cases (Dezhan B. Townsend, Desjuan R. Lee Harris, and Brisco Dawkins). Stringer is the only remaining co-defendant. Stringer and King's joint trial is set for April 3, 2023.

As detailed in Stringer's Motion to Sever, Stringer and King have antagonistic defenses which will lead to substantial prejudice to both Stringer and King, should their cases be tried together. Therefore, King respectfully requests this Court grant Stringer's Motion to Sever and sever the joint trial.

**II.     LAW AND ANALYSIS**

    ***A.     The Jury Will Be Unable to Compartmentalize Evidence Put Forth Against Stringer and King, Leading to Substantial Prejudice Against Both Defendants.***

"Notwithstanding the strong preference for joint trials, if a defendant or the government is prejudiced by joinder, Rule 14 permits the court to grant a severance or to 'provide whatever other relief justice requires.'" *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) citing Fed.R.Crim.P. 14. "A mutually antagonistic defense is not prejudicial *per se*, and Rule 14 does not mandate severance on that ground as a matter of law. Rather, the appropriate standard to be used for evaluating a motion for severance once defendants have been properly joined under Rule 8(b), is that of a serious risk that

2

a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (internal citations omitted).

As detailed in Stringer's Motion, Stringer and King are charged with separate offenses. Stringer is indicted in Counts 3 – 7. Counts 3 and 4 relate to an alleged robbery that purportedly occurred on January 7, 2019. (*See* Indictment, ECF No. 21.) King is not indicted in Counts 3 – 4. If a jury were to hear evidence regarding Counts 3 and 4 during King's trial—even though they were *not* brought against King—the jury would likely be confused by the presentation of the evidence. The jury would naturally assume King was involved in Counts 3 and 4 since it involved the same co-defendants.

To complicate matters, both Stringer and King were indicted in Counts 5 – 7, relating to alleged murders/robbery that purportedly occurred on January 20, 2019. The purported murders/robbery on January 20, 2019 (brought against Stringer *and* King) allegedly occurred less than two weeks apart from the purported robbery on January 7, 2019 (brought only against Stringer). The close proximity in time of the alleged incidents will add to the confusion by the jury.

King would be substantially prejudiced because there is a high probability that the jurors would find against King, solely due to the "spillover" effect,[1] and because they will hear separate evidence linking him to Stringer – who is charged with a separate, unrelated offense. As a result, severance of the April 3, 2023 joint trial is necessary to avoid this

---

[1] "'Spillover' occurs where evidence related to one defendant taints the jury's perception of the other defendant, such that a jury may impute guilt to one defendant for the activities of [his] co-defendant." *United States v. Georges*, No. 2:20-CR-157 (2), 2021 WL 1616074, at *1 (S.D. Ohio Apr. 26, 2021).

3

undue prejudice to King. *See United States v. Musgrave*, No. 3:11-CR-183, 2012 WL 4051942, at *6 (S.D. Ohio Sept. 13, 2012) (granting severance where the defendant demonstrated "that the overwhelming majority of evidence presented will pertain to alleged criminal conduct of his co-defendant. Therefore, Defendant Goldberg argues that even with a limiting instruction, there is a high probability that he will be irreversibly prejudiced by the weight of evidence against his co-defendant, and the volume and nature of the counts weighing only against his co-defendant. Additionally, Defendant Goldberg submits that he will be irreversibly prejudiced by consolidation as there exist statements by and from his co-defendant which are against Goldberg's interest and which may be admitted at trial." (internal citations omitted)); *see also United States v. Georges,* No. 2:20-CR-157 (2), 2021 WL 1616074, at *2 (S.D. Ohio Apr. 26, 2021) ("Risk of prejudice may arise from what has been termed 'spillover effect,' which describes the risk that a jury will convict a defendant 'not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators.'"); *United States v. Riley*, No. 2:07CR220(1 & 2), 2008 WL 11352651, at *8 (S.D. Ohio Nov. 5, 2008), aff'd, 410 F. App'x 963 (6th Cir. 2011) ("The Court is concerned, based solely on the limited evidence it heard at the suppression hearing, that there is a substantial risk the jury will be unable to make a reliable judgment about guilt or innocence due to the disparity in the amount of evidence being offered against Jermaine, in contrast to Antoine. . . . As such, as argued by Antoine's counsel, the jury will be spending great amounts of time hearing about the alleged criminal behavior of Jermaine before hearing one mention of Antoine. The Court does not believe that the jury could reasonably be expected to compartmentalize the evidence as it relates to Antoine and Jermaine. . . . The Court is

4

unwilling to jeopardize Antoine's constitutional trial rights to find out if the jurors are able to compartmentalize the evidence against Jermaine and Antoine.")

  **B. *A Joint Trial Will Result in an Infringement on King's Fifth Amendment Rights Against Self-Incrimination.***

  The Fifth Amendment provides that no person can be "compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend. V.  However, here, should a joint trial proceed, that is precisely what would be required of King.  Through the filing of his Motion to Sever, Stringer has indicated that he plans to testify and deny his culpability for the January 20, 2019 murders/robbery (for which both King and Stringer were indicted in Counts 5 - 7).

  In fact, Stringer's Motion to Sever provides detail as to Stringer's anticipated testimony about King's alleged relationships, movements, and conduct on January 20, 2019.  (Stringer Mot. at 4-5.)  Stringer plainly states that he offers this testimony "**against** his co-defendant, Christopher King, implicating Mr. King in the murders."  (*Id*. at 5 (emphasis added).)  Stringer also states that his "testimony provides evidence that establishes an essential element of the crimes with which Mr. King has been charged in the Indictment."  (*Id.*)

  In response to Stringer's anticipated testimony at a joint trial, King will be forced to testify–a direct violation of his Fifth Amendment right.  As a result, Stringer's case must be severed from King's.  *See United States v. Musgrave*, No. 3:11-CR-183, 2012 WL 4051942, at *7 (S.D. Ohio Sept. 13, 2012) ("In order to prevent a violation of the Sixth Amendment's Confrontation Clause, and to ensure the Fifth Amendment's due process protections, the Court finds that severance is necessary.")

King must give up his privilege against self-incrimination in order to vindicate his constitutional right to present a defense. It will also implicate his right to counsel as counsel will need to change their trial strategy markedly. King must confront and rebut Stringer's testimony, something he would not have to do if the cases were tried separately. Stringer will link himself to King which further causes the jurors to assume that King had some role in the other robberies Stringer was involved in. Going to trial with Stringer is untenable and unconstitutional.

### III. CONCLUSION

For the foregoing reasons, King respectfully requests this Court **GRANT** Defendant Stringer's Motion to Sever and sever the joint trial now scheduled for April 3, 2023.

Respectfully submitted,

/s/ Diane M. Menashe
Diane M. Menashe (0070305)
Ice Miller LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Telephone: (614) 221-6500
Facsimile: (614) 222-3468
E-mail: diane.menashe@icemiller.com

/s/ Kort Gatterdam
Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

*Counsel for Defendant Chris King*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically and served via the Court's electronic notification system upon all counsel on January 20, 2023.

*/s/ Diane M. Menashe*
Diane Menashe (0070305)

*Counsel for Defendant Chris King*