IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

United States of America,

    Plaintiff,

vs.                                              Case No. 2:19CR00158-004
                                              Honorable Judge Watson

Desjuan R. Lee Harris,

    Defendant.

**Sentencing Memorandum for Defendant Desjuan Harris**

      Desjuan Harris will come before this court for sentencing following his guilty pleas to counts One, Two, Three and Four of the Indictment. The parties have entered into a plea agreement leaving this Honorable Court with a narrow band to craft a sentence herein due to the nature of the convictions at issue. The United States Probation Department has identified a aggregate Guideline range of 369-378 months in prison. The United States Probation Department has determined the United States Sentencing Guideline offense level to be 20 with the defendant's Criminal History score of one point and an applicable Criminal History Category of I. Although the defendant has no objections to the Probation Department's application of the advisory Federal Sentencing Guidelines and the calculation of the sentencing range based on that application, he maintains, for the reasons set forth below, that it would be appropriate for the Court to impose the mandatory minimum sentence allowed by law herein.

                                                        Respectfully submitted,

                                                        /s/ Andrew T. Sanderson
                                                        Andrew T. Sanderson, #0066327
                                                        73 North Sixth Street
                                                        Newark, Ohio 43055
                                                       Attorney for Defendant Desjuan Harris
                                                       740-345-0417
                                                       asanderson@burkettlaw.net

**<u>Memorandum in Support</u>**

Mr. Desjuan Harris is now a twenty-eight-year-old male from a dysfunctional family background. He has struggled throughout his life to overcome the cards dealt to him by his circumstances at birth. It is often said that a zip code should not dictate the directions of one's life, but the reality of major cities within the Southern District is very different. He was raised in a community inundated with drugs and violence and in an environment where such things were the norm. He had no contact with his biological father; his mother was incarcerated for the bulk of his childhood and was effectively raised by the "streets." Mr. Harris's formative years were spent in a neighborhood of Columbus, Ohio ruled by street gangs and street crime. The nature of life in this part of central Ohio is well documented. During Mr. Harris' formative years, the neighborhood was rife with criminal activity with the social environment dominated by criminal gangs. He was exposed to violence early in life and was removed from the custody of his mother while in first grade.

Despite the obvious challenges, Mr. Harris has no real criminal history and a documented time of legitimate employment. He was active in the lives of his own five children and, until his arrest, provided both emotional and financial support for his family. These financial pressures when coupled with the lack of a structured upbringing have been identified as the reasons a law-abiding man became involved with such serious criminal offenses. It is often said that we are a product of our environment. Social scientists therefore recommend choosing one's environment wisely, "The notion that we are products of our environment is our greatest sin; we are products of our choices." Margret Mead. What choices are there for the boy who became a man with no parental

guidance? Mr. Harris submits very few. When children raised only a few miles away were deciding what to ask Santa to bring them for Christmas, Mr. Harris was deciding how to get food to even eat each day. While Mr. Harris was forced to learn how to "fit in" to the expected lifestyle of his upbringing at an early age, that ability to survive does not define him. He is a very bright man who could easily have had an entirely different life had he been fortunate enough to find someone such as a teacher, a member of law enforcement or a minister, who could insulate him from the culture into which he was effectively abandoned by his absentee parents. At the time of the offenses, Mr. Harris was a young adult, at the time of his release from prison he will be a formed man having experienced the benefits of rehabilitation and a lengthy term of supervised release.

This background is not offered as an excuse for Mr. Harris's choices or behaviors, but rather as an explanation of how a bright, capable young man can become this defendant at such a young age. He learned early on in life that the road to "success" was paved with crime and was brought into this enterprise by others. This twisted view of reality is not surprising given Mr. Harris's upbringing and the lifestyle he was exposed to throughout his formative years. Mr. Harris's has had few positive role models and fewer still that were males capable to influencing and educating his choices. He was encouraged to view criminal activity as a way of life and "normal" rather than the apparition that it is to polite society. This impact can be seen in the events that now bring him before this Honorable Court for sentencing.

The parties have determined that a prison sentence of fourteen years should be the "floor" that this Honorable Court should consider. This is not an arbitrary number – it is derived from the two seven-year sentences that must be imposed due to Mr. Harris

committing the underlying offenses when armed with a firearm. It is the position of Mr. Harris that such a lengthy term of imprisonment – 168 months – is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense a sentence sufficient, but not greater than necessary, to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. In fourteen years, Mr. Harris will be nearly forty years of age and well beyond the stage in life where most offenders stop committing crimes. He will have spent more than half of his life serving the sentence imposed herein. Of his adult years, all but eight will have been spent imprison under the mandatory sentence consistent with the parties' agreement.

These seven-year sentences reflect Congress' intent to punish offenders harshly for possession firearms when committing criminal acts. In contrast, the guideline sentence for the underlying offenses is between 33 and 41 months. Put another way, Congress has ordered this Court to punish the means used to commit the offense by a term of imprisonment four times more harshly than that imposed for the crime itself. It is important to recognize that the federal prosecution of Mr. Harris is a choice of the charging agencies. Mr. Harris did not rob a Post Office or a bank, he did not rob a pharmacy or commit his offense on federal lands. He committed his crimes against local gambling establishments. While jurisdiction is not disputed and the Federal Government is well within its authority to bring the charges at issue, this Honorable Court knows full well that on many occasions, very similar offenses and offenders are left to be prosecuted by the state of Ohio. Had this case remained a Franklin County Ohio prosecution, Mr. Harris would have faced three-year firearm specifications – rather than the seven-year

terms that must now be imposed. By merely changing courthouses, Mr. Harris's mandatory punishment went from six years to fourteen years for the same criminal acts.

For each of these reasons, Mr. Harris respectfully moves this Honorable Court to impose sentence herein consistent with the agreement of the parties. Mr. Harris further maintains that the history and characteristics of this defendant and his role in the offense at issue warrants a sentence below the sentencing guidelines. As a final point of mitigation, Mr. Harris asks that this Court recognize that he has been held in first the Butler County Jail and now the Corrections Center of Northwest Ohio since 2019. He has been held in jails for more than four years. These facilities are distant from family and incarceration has been made far worse due to the "COVID era" impacts on the jailed population of this country.

## **Conclusion**

18 U.S.C. § 3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and 18 U.S.C. § 3553(a)(2)(B) and (a)(2)(C) directs that the Court shall impose a sentence "sufficient, but not greater than necessary, to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.." A one hundred and eighty-four -month prison sentence will certainly reflect the seriousness of the offenses, promote respect for the law and punish Mr. Harris. Even a time served prison sentence will be a specific deterrent to Mr. Harris as it will impress upon him in no uncertain terms that criminal activity is dealt with severely. As the Court is aware, Mr. Harris's sentence will not end with his release from Federal prison. He will be subject to a lengthy period of supervised release. This

mechanism will aid in the rehabilitation of Mr. Harris and provide additional protection for the public following the release of this defendant.

Similarly, the same prison sentence that provides specific deterrence to Mr. Harris would provide general deterrence to other members of the community who may be considering engaging in similar criminal activity. It will demonstrate that an individual's illegal possession of a firearm is never "ok" and that the Federal Government will bring their resources to bear to punish such an act. Additionally, current empirical research on general deterrence shows that while certainty of punishment has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects… Three National Academy of Science Panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006).

Finally, it is appropriate to consider the fact that prison has a greater deterrent effect for those imprisoned for the first time. In *U.S. v. Baker*, 445 F. 3d 987 (7th Cir. 2006), the court, in imposing a below guideline sentence of 78 months from 108 months, noted that prison would mean more to a defendant who had never been in prison than one who has been imprisoned before. In so ruling, the court found justification for the sentence reduction in the "just punishment" provisions found in 3553(a)(2)(A) and "adequate deterrence" from 3553(a)(2)(B). Further, in *U.S. v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005), the court found generally that a lesser prison term is sufficient to deter one who has not been subject to prior lengthy incarceration. This reasoning is reflected in the Criminal History calculations which call for an increased sentence for

those defendants that have previously served a prison sentence than those who have not. Mr. Harris has already served a far greater term of incarceration than he had ever even faced or served before.

For all these reasons, Mr. Harris maintains that minimum statutorily mandated prison sentence would protect the public from future crimes of this defendant and serve as a strong deterrent for any similar individual with Mr. Harris's background considering committing a similar offense.

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant Desjuan Harris

## Certificate of Service

I hereby certify a copy of the foregoing was duly served upon the Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, by electronic transmission on this 8th day of November, 2023.

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant Desjuan Harris