# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **UNDER SEAL** |
| | : | |
| **Plaintiff,** | : | **2:19-CR-158(1)** |
| | : | |
| **v.** | : | **JUDGE MICHAEL H. WATSON** |
| | : | |
| **CHRIS A. KING,** | : | |
| | : | |
| **Defendant.** | : | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

Defendant Chris A. King is scheduled for sentencing on January 11, 2024.  Consistent with the terms of the Rule 11(c)1(C) plea agreement filed in this case, the undersigned seek that a total sentence of 480 months (40 years of all consecutive terms) be imposed on defendant King.

The facts of King's offenses are set forth in Paragraphs 20-25 of the Final Presentence Investigation Report ("PSR") and are incorporated as needed herein by reference.  As part of his guilty pleas to Count 5 (Hobbs Act Robbery) and Counts 6 and 7 (Murder through use of a Firearm during a Crime of Violence), King has admitted to being the shooter in the January 20, 2019, robbery of Players Paradise which resulted in the murders of Joseph Arrington and Karen Arrington.  By statute, Counts 6 and 7 each carry mandatory consecutive terms of imprisonment of any number of years up to life (consecutive to both each other and Count 5).

The Presentence Investigation Report determined that King's offense level was level 43, which is the highest available under the U.S. Sentencing Guidelines.  After a three-level reduction for acceptance of responsibility, this results in a final offense level of 40.  With a criminal history category of I, King faces a guideline sentencing range of 292-365 months.  There are no objections to these findings.  It is worth noting that these guideline determinations were made essentially

without any guideline consideration for the mandatory consecutive sentences to be imposed on Counts 6 and 7 (the murder by firearm offenses). The mere brandishing of a firearm (pursuant to 18 U.S.C. § 924(c)) would carry mandatory seven-year consecutive sentences and discharge of a firearm (without any harm to any victims) would be ten-year consecutive sentences which provides context for the sentences to be imposed in this case.

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence. Among other things, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of this offense and the history and characteristics of the defendant are the most important §3553(a) factors relevant to the resentencing of King.

King's agreement to participate in the armed robbery of the internet café ended in an entirely predictable and unfortunate result with King's weapon being drawn and then fired. Agreeing to participate in a late-night armed robbery (though admittedly at the behest of co-defendant Stringer) put King and others in a potentially dangerous situation from the start. King was all too willing to pull the trigger after forcing his way into the office and being confronted by Joseph Arrington. Likewise, the murder of the unarmed Karen Arrington was a chilling choice made after any potential claim of danger had already been eliminated.

The unnecessary deaths of both Arringtons in pursuit of a few thousand dollars has haunted both sides of the Arrington families ever since. As is clear from the statements provided to the Probation Officer by these families, the actions of King and his co-defendants has caused long lasting harm and emotional damage that no words can explain away. The undersigned have regularly consulted with both families, and they supported the resolution of this case to ensure some finality and to avoid the additional pain and trauma likely to occur in any trial. Their willingness to accept the proposed 40-year sentence should help assure Judge Watson that the proposed sentence is both reasonable and appropriate and should also be approved by this Court.

It is only because defendant King was willing (throughout much of the pendency of this case) to timely accept responsibility for his actions (when combined with his very limited criminal history[1]) that the undersigned agreed to propose the subject plea agreement. The agreed upon sentence of 480 months is consistent with the sentencing principles of 18 U.S.C. § 3553(a) and should be accepted by this Court.

<div style="margin-left:40%">

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

By: *s/Kevin W. Kelley*
KEVIN W. KELLEY (0042406)
Assistant United States Attorney

*s/Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney

</div>

---

[1] To the extent the Court seeks a greater understanding of the nature of King's history and characteristics, the government directs the Court to the PSR and to the defendant's sentencing memorandum.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing motion was served on attorneys Diane Menashe and Kort Gatterdam via this Court's ECF system on January 3, 2024.

<div align="center"></div>

                                                       *s/ Kevin W. Kelley*
                                                       KEVIN W. KELLEY (0042406)
                                                       Assistant United States Attorney