# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **UNDER SEAL** |
| Plaintiff, | : | |
| | : | **2:19-CR-158(2)** |
| v. | : | |
| | : | **JUDGE MICHAEL H. WATSON** |
| JUSTICE B. STRINGER, | : | |
| | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

Defendant Justice B. Stringer is scheduled for sentencing on January 12, 2024. Consistent with the terms of the Rule 11(c)1(C) plea agreement filed in this case, the undersigned seek that a total sentence of 360 months (30 years of all consecutive terms) be imposed on defendant Stringer.

The facts of Stringer's offenses are set forth in Paragraphs 20-26 of the Final Presentence Investigation Report ("PSR") and are incorporated as needed herein by reference. As part of his guilty pleas to Counts 3 and 5 (Hobbs Act Robbery), Count 4 (Brandishing a Firearm during a Crime of Violence) and Counts 6 and 7 (Murder through use of a Firearm during a Crime of Violence), Stringer has admitted to his active involvement in both the January 7, 2019, armed robbery of Planet Jackpot and the January 20, 2019, robbery of Players Paradise which resulted in the murders of Joseph Arrington and Karen Arrington. By statute, Counts 6 and 7 each carry mandatory consecutive terms of imprisonment of any number of years up to life (consecutive to both each other and Counts 3 and 5). Likewise, Count 4 carries a mandatory term of imprisonment of seven years consecutive to all other terms imposed.

The Presentence Investigation Report determined that Stringer's offense level was level 43, which is the highest available under the U.S. Sentencing Guidelines. After a three-level

reduction for acceptance of responsibility, this results in a final offense level of 40. With a criminal history category of I, Stringer faces a guideline sentencing range of 292-365 months. There are no objections to these findings. It is worth noting that these guideline determinations were made essentially without any guideline consideration for the mandatory consecutive sentences to be imposed on Count 4 (armed Robbery) and Counts 6 and 7 (the murder by firearm offenses). The mere brandishing of a firearm (Count 4) pursuant to 18 U.S.C. § 924(c) carries a mandatory seven-year consecutive sentence and discharge of a firearm (without any harm to any victims) would be ten-year mandatory minimum consecutive sentences which provides context for the sentences to be imposed in this case.

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence. Among other things, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to       criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of this offense and the history and characteristics of the defendant are the most important §3553(a) factors relevant to the resentencing of Stringer.

Defendant Stringer was an active participant in both the planning and execution of the January 7, 2019, robbery (Stringer entered and carried a firearm for this robbery). Further, Stringer recruited shooter Chris King and provided him with the weapon used to murder the

employees in the January 20, 2019, robbery while Stringer hid out in the waiting car.  Stringer's premeditation and active planning of these armed robberies ended in an entirely predictable and unfortunate result with co-defendant King drawing Stringer's weapon and using it upon entering the café office.  The deaths of both Joseph Arrington and Karen Arrington were clearly foreseeable under the circumstances of Stringer's involvement.  Stringer's later efforts to conceal his own involvement, dispose of the murder weapon and distance himself from the shooter King also reveal an active participant not a passive bystander or surprised getaway driver.

The undersigned hope that defendant Stringer is more willing to accept responsibility for his involvement than the sentencing memorandum prepared on his behalf appears to suggest.  To claim Stringer "was not actively involved in the actual robbery" and that he regrets "driving the shooter to Player's Paradise" (see sentencing memorandum, Page 12) ignores the overwhelming evidence in this case of his involvement including the statement of facts signed and agreed to by defendant Stringer which details his planning and participation in both robberies.

Further, the undersigned absolutely take issue with any suggestion that defendant Stringer was "unable" to assist the government and cooperate in prosecution of this case (*Id*).  Stringer never offered to admit any guilt in either robbery offense until the signing of his plea agreement.  It is true that any version of events that could have been offered that included claims of Stringer's innocence or lack of prior knowledge would have been rejected given all of the above evidence.  However, the record should be clear that the undersigned sought the cooperation of Stringer to use against the shooter King for years only to be consistently rebuffed.  Stringer's childhood, while difficult, is hardly unique when evaluated in comparison to those regularly appearing before this Court. [1]

---

[1] To the extent the Court seeks a greater understanding of the nature of Stringer's history and characteristics, the government directs the Court to the PSR and to the defendant's sentencing memorandum.

The unnecessary deaths of both Arringtons in pursuit of a few thousand dollars has haunted both sides of the Arrington families ever since. As is clear from the statements provided to the Probation Officer by these families, the actions of Stringer and his co-defendants have caused long lasting harm and emotional damage that no words can explain away. The undersigned have regularly consulted with both families, and they supported the resolution of this case to ensure some finality and to avoid the additional pain and trauma likely to occur in any trial. Their willingness to accept the proposed 30-year sentence should help assure Judge Watson that the proposed sentence is both reasonable and appropriate and should also be approved by this Court.

The agreed upon sentence of 360 months is consistent with the sentencing principles of 18 U.S.C. § 3553(a) and should be accepted by this Court.

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

By: *s/Kevin W. Kelley*
KEVIN W. KELLEY (0042406)
Assistant United States Attorney

*s/Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing motion was served on attorney Stacey MacDonald via this Court's ECF system on January 5, 2024.

                                          *s/ Kevin W. Kelley*
                                          KEVIN W. KELLEY (0042406)
                                          Assistant United States Attorney